PER CURIAM.
 

 Appellant, the Fraternal Order of Police (FOP), appeals a final judgment determining that the confidentiality requirements in sections 112.532(4)(b) and 112.533(2)(a), Florida Statutes (2008), commonly referred to as the Law Enforcement Officers’ Bill of Rights, are inapplicable to investigations conducted by the Response to Resistance Board (Board) within the Jacksonville Sheriffs Office’s (JSO). Because we conclude that the Board’s investigations are subject to the confidentiality provisions in sections 112.532(4)(b) and 112.533(2)(a), we reverse.
 

 When an officer employed by the JSO uses force, such as discharging a weapon, JSO investigators conduct an initial investigation. If the investigators and the Office of the State Attorney determine the officer did not commit criminal wrongdoing, then the JSO convenes the Board, which is an administrative investigatory committee authorized under Office of the Sheriff General Order X.20. In the course of an investigation pursuant to the order of an incident involving the use of force, the Board typically questions witnesses, including the officer who engaged in the force at issue. The Board determines whether the use of force by the officer complied with JSO’s written directives and training and recommends to the sheriff whether disciplinary action is warranted.
 
 [1]
 

 JSO has a long-established practice of opening the Board’s meetings to the public in an effort to promote transparency in the review of an officer’s use of force. FOP petitioned the Circuit Court of Duval County for declaratory and injunctive relief, asking the court to declare that the Board’s open meeting format violates the confidentiality requirements of sections 112.532(4)(b) and 112.533(2)(a), Florida Statutes.
 

 Section 112.532(4)(b) provides for confidentiality during an ongoing disciplinary investigation “[Notwithstanding the provisions of s. 112.533(2)” when a law enforcement officer is subject to disciplinary ac
 
 *487
 
 tion which could result in suspension with loss of pay, demotion, or dismissal:
 

 The contents of the complaint and investigation shall remain confidential until such time as the employing law enforcement agency makes a final determination whether or not to issue a notice of disciplinary action....
 

 Section 112.533(2)(a) provides for confidentiality during the processing of a complaint:
 

 A complaint filed against a law enforcement officer ... with a law enforcement agency ... and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active....
 

 The circuit court found that the confidentiality provision in section 112.533(2)(a) applies only when a police agency receives a written complaint and commences an investigation based on that written complaint, not when a law enforcement agency conducts an investigation pursuant to its internal operating procedures. The circuit court also found the confidentiality provision in section 112.532(4)(b) inapplicable to Board investigations because that section states that the “contents of the complaint and investigation” must be kept confidential, yet the Board can commence an investigation without a complaint. Based on the plain language of section 112.532(4)(b), however, we disagree with the circuit court’s construction of the statute. We conclude that an investigation within the meaning of section 112.532(4)(b) occurs whenever a law enforcement or correctional officer faces possible dismissal, demotion, or suspension without pay, and because the Board’s investigation may result in such discipline, the investigation triggers the confidentiality protections in section 112.532(4)(b).
 

 Appellees, Sheriff John Rutherford and the City of Jacksonville, argue that because both sections 112.532(4)(b) and 112.533(2)(a) use the term “complaint” and the Board convenes based on a standing general order, not a complaint, confidentiality need not be afforded to Board investigations. Sheriff Rutherford and the City of Jacksonville rely on
 
 City of Delray Beach v. Barfield,
 
 579 So.2d 315 (Fla. 4th DCA 1991). There, a City of Delray Beach police officer shot a man.
 
 Id.
 
 at 316. Pursuant to a general standing order, the police department began an investigation after receiving an oral “complaint” from a dispatcher.
 
 Id.
 
 No written external or internal complaint was filed.
 
 Id.
 
 A citizen requested copies of documents relating to the investigation, but the police department declined to furnish the copies, citing the confidentiality provision in section 112.533(2)(a).
 
 Id.
 
 The Fourth District upheld the issuance of a writ of mandamus requiring the department to release the records.
 
 Id.
 
 The court in
 
 Barfield
 
 found that although nothing in the statute requires complaints to be in writing, the use of the word “complaints” in the title of section 112.533 and the use of the word “filed” in subsection (2)(a) imply that the confidentiality provision is triggered only by a written complaint filed with a law enforcement agency.
 
 Id.
 
 at 317-18.
 

 We conclude that the rationale of
 
 Bar-field
 
 inapplicable here. At the time the Fourth District decided
 
 Barfield,
 
 it construed only section 112.533(2)(a) because the confidentiality provision in section 112.532 had not been enacted yet.
 
 [2]
 
 When the two sections are read in pari materia,
 
 *488
 
 as emphasized by the clause “[n]otwith-standing the provisions of s. 112.533(2)” at the beginning of section 112.532(4)(b), we conclude that the confidentiality rights afforded by section 112.532(4)(b) are broader than those provided by section 112.533(2)(a), and apply to ongoing investigations whenever a law enforcement or correctional officer faces possible dismissal, demotion, or suspension without pay. Because we conclude that section 112.532(4)(b) requires confidentiality of ongoing Board investigations, we do not reach the issue of whether a written complaint is required in order to trigger confidentiality under section 112.533(2)(a).
 

 We recognize that the confidentiality provisions in sections 112.532(4)(b) and 112.533(2)(a) are exemptions from the public’s general right to access public records and meetings,
 
 see
 
 Art. I, § 24, Fla. Const.; § 119.01(1), Fla. Stat., and must be narrowly construed in favor of disclosure.
 
 Lightbourne v. McCollum,
 
 969 So.2d 326, 332-33 (Fla.2007). However, we conclude that under the plain language of sections 112.532(4)(b) and 112.533(2)(a), the confidentiality of those sections applies only during the period of investigation, and public scrutiny is afforded as soon as “the employing law enforcement agency makes a final determination whether or not to issue a notice of disciplinary action,” § 112.532(4)(b), Fla. Stat., or when “the investigation ceases to be active,” § 112.533(2)(a), Fla. Stat. In enacting the statutes, the Legislature created a narrowly-tailored exemption from public disclosure. The statutes do not prohibit public access but merely delay it until the Board completes or abandons its investigation.
 

 Because the plain language of section 112.532(4)(b) affords confidentiality to law enforcement officers who face potential discipline as a result of a Board investigation and the infringement on the public’s general right to access is limited, we hold that the Board must keep information related to an investigation confidential until it is concluded by one of the means provided by statute.
 

 REVERSED.
 

 HAWKES, C.J., ROBERTS and ROWE, JJ. concur.
 

 [1]
 

 . During the pendency of the case at the circuit court, the Office of the Sheriff General Order X.20 was amended. While the Board could formerly recommend to the sheriff whether disciplinary action is warranted, the revised order allows the Board to "recommend investigation into whether disciplinary action is warranted.” We find this change inconsequential, as the officer being investigated is still subject to potential discipline as a result of the Board’s recommendation to the sheriff.
 

 [2]
 

 . The legislature did not add the confidentiality language to section 112.532 until 2003.
 
 See
 
 Ch.2003-149, § 1, at 903, Laws of Fla.